IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRAVIS SIMONS, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 12-CV-392 |
| XEROX CORPORATION, | § § § | |
| *Defendant*. | § § § § | |

## NOTICE OF REMOVAL

Xerox Corporation (Xerox), Defendant in the above-entitled and numbered action, files this Notice of Removal of the state court action under 28 U.S.C. §§ 1332 and 1441 and in support respectfully shows the following:

### INTRODUCTION

1.  Xerox removes this action brought by a former employee, Plaintiff Travis Simons, under 28 U.S.C. §§ 1332 and 1441 based upon diversity of citizenship. Xerox and Simons are citizens of different states, and Simons seeks damages in excess of the $75,000 threshold required for purposes of exercising diversity jurisdiction. Xerox files this Notice of Removal within thirty days of service of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

### FACTUAL BACKGROUND

2.  Simons is a former at-will employee of Xerox in San Antonio, Texas. On March 27, 2012, Simons filed a lawsuit in the 250th Judicial District Court, Travis County, Texas. His lawsuit is titled *Travis Simons v. Xerox Corporation*, Cause No. D-1-GN-000909, and solely

1

alleges a claim for breach of an alleged employment agreement.  *See* Ex. B, Pl's Orig. Pet. at ¶ 4.  Simons claims Xerox failed an alleged obligation to pay Simons at least $307,520.00 in actual damages.  Xerox timely filed a Motion to Transfer Venue, Answer, Defenses, and Counterclaim in Texas state court on April 27, 2012.  *See* Ex. D, Def.'s Gen. Den.  Xerox seeks recovery of at least $12,500.00 in overpaid commissions, which Simons refuses to return.  *See id.*

**ARGUMENT & AUTHORITIES**

3. Pursuant to 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Pursuant to 28 U.S.C. § 1332, original jurisdiction lies in cases of diversity jurisdiction.  Moreover, under this section, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between . . . citizens of different states."  28 U.S.C. § 1332.  In this case, removal is appropriate under both diversity jurisdiction requirements.

*A. Xerox and Simons Are Citizens of Different States.*

4. Section 1332(c)(1) states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  Under this definition, Xerox is a citizen of New York, where it is both incorporated and where it has its principal place of business.  Simons, on the other hand, is a citizen of the State of Texas.  *See* Ex. B, Pl.'s Orig. Pet. at ¶2.  Simons and Xerox therefore are citizens of different states, thereby satisfying the first requirement for diversity jurisdiction.

*B. Jurisdictional Amount in Controversy Satisfied*

5. The second requirement for diversity jurisdiction is also met in this case.  An amount-in-controversy satisfies the threshold for diversity jurisdiction if it is facially apparent

from the petition the damages sought likely exceed $75,000, or if a defendant sets forth "the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (noting efficient procedure is to first consider face of the complaint before requiring any "summary judgment" proof on the amount in controversy).

6. Here, Simons seeks "$307,520 or more" in actual damages from Xerox. *See* Ex. B, Pl.'s Orig. Pet. at ¶¶ 4, 6. Additionally, he seeks "prejudgment interest, reasonable attorney's fees, costs of court, post-judgment interest, and . . . other relief to which . . . [he] may be justly entitled." *See id.* These allegations alone are sufficient to show Simons seeks in excess of the jurisdictional threshold. *See e.g., Foret v. State Farm Bureau Life Ins.,* 918 F.2d 534, 537 (5th Cir. 1990) (attorneys' fees included as part of amount-in-controversy if provided for by state statute); *Maley v. Design Benefits Plan, Inc.,* 125 F. Supp. 2d 197, 199-200 (E.D. Tex. 2000) (array of damages sought by Plaintiff – actual damages, exemplary damages, attorneys' fees, pre- and post-judgment interest, and costs – indicated jurisdictional minimum met). Accordingly, both requirements for diversity jurisdiction are easily satisfied.

### C. Removal is Procedurally Proper.

7. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is filed in the Western District Court of the United States for the Austin Division, which is the district court and division within which the underlying action is pending. *See* Ex. B, Pl's Orig. Pet. Venue is proper and more convenient in Bexar County. Bexar County is the venue in which Plaintiff was employed, performed services for Xerox, resided at the time of his resignation, and in which many key witnesses reside and work.

8. Xerox was served with a copy of the civil summons and Simons' Original Petition on April 5, 2012. Xerox files this Notice of Removal within thirty days of service pursuant to 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1446(a), Xerox also attaches to this Notice, and incorporates by reference herein, true and correct copies of the Court's Docket Sheet (Ex. A), Plaintiff's Original Petition (Ex. B), Notice of Suit served on Xerox (Ex. C), Xerox's Motion to Transfer Venue, Answer, Defenses, and Counter Claim (Ex. D), and the State Court Notice of Removal (Ex. E), which constitute all process, pleadings, and filings in the State Court action.

10. Pursuant to 28 U.S.C. § 1446(d), promptly after Xerox files this Notice, written notice of the filing of this Notice for Removal will be served upon Simons.

11. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk for the 250th Judicial District Court, Travis County, Texas, promptly after Xerox files this Notice.

## CONCLUSION & PRAYER

For the foregoing reasons, Defendant Xerox requests that this action be removed from the 250th Judicial District Court, Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division.

8. Xerox was served with a copy of the civil summons and Simons' Original Petition on April 5, 2012. Xerox files this Notice of Removal within thirty days of service pursuant to 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1446(a), Xerox also attaches to this Notice, and incorporates by reference herein, true and correct copies of the Court's Docket Sheet (Ex. A), Plaintiff's Original Petition (Ex. B), Notice of Suit served on Xerox (Ex. C), Xerox's Motion to Transfer Venue, Answer, Defenses, and Counter Claim (Ex. D), and the State Court Notice of Removal (Ex. E), which constitute all process, pleadings, and filings in the State Court action.

10. Pursuant to 28 U.S.C. § 1446(d), promptly after Xerox files this Notice, written notice of the filing of this Notice for Removal will be served upon Simons.

11. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk for the 250th Judicial District Court, Travis County, Texas, promptly after Xerox files this Notice.

## CONCLUSION & PRAYER

For the foregoing reasons, Defendant Xerox requests that this action be removed from the 250th Judicial District Court, Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

/s/ Shannon B. Schmoyer
Shannon B. Schmoyer
State Bar No. 17780250
Christine E. Reinhard
State Bar No. 24013389
Monica J. Lerma
State Bar No. 24027792
SCHMOYER REINHARD LLP
3619 Paesanos Parkway
Suite 202
San Antonio, Texas 78231
Phone:  (210) 447-8033
Fax:  (210) 447-8036

**ATTORNEYS FOR DEFENDANT
XEROX CORPORATION**

## CERTIFICATE OF SERVICE

On May 2, 2012, a true and correct copy of this document was filed electronically. Notice of the filing was served by operation of the Court's electronic filing system (ECF) and *via facsimile* on the following counsel of record:

Bill Malone, Jr.
Law Offices of Bill Malone, Jr.
8650 Spicewood Springs #145-598
Austin, TX 78759
(512) 346-9660
(512) 681-9600 – facsimile

/s/ Shannon B. Schmoyer
Shannon B. Schmoyer