IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRAVIS SIMONS, | § § § | |
| *Plaintif*, | § § | |
| v. | § § | CIVIL ACTION NO. 12-cv-392-SS |
| XEROX CORPORATION, | § § § | |
| *Defendant*. | § § § § | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

For its Response in Opposition to Plaintiff's Motion to Compel Discovery Responses, Defendant Xerox Corporation ("Xerox"), respectfully shows the following:

### I.   OVERVIEW

1. This is a single party complaint alleging only one cause of action for a breach of contract action filed by a former at-will employee who worked at Xerox for less than a year prior to his voluntary resignation. Plaintiff seeks the removal of each and every objection to Plaintiff's very broad, vague, irrelevant, and over reaching written discovery requests, regardless of Xerox's production of over three hundred pages of documents. As demonstrated by the face of Plaintiff's discovery requests and narrow description of his claim, Xerox's objections are reasonable and appropriate. Further, Xerox has produced hundreds of documents to date and is not engaging in dilatory tactics. To the extent requests were objected to, such objections were made in good faith and tailored based on the facts as alleged by Plaintiff's individual breach of contract claim. Plaintiff seeks to fish for irrelevant evidence and unduly burden Xerox with

overly broad, vague and ambiguous requests designed to unnecessarily increase the costs of litigation. For these reasons and those detailed below, this Court should deny Plaintiff's Motion.

## II.   ARGUMENT & AUTHORITIES

### A.   *Standard of Review*

2.   The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Although "relevance" has been construed broadly, discovery that has "no conceivable bearing on the case" should not be permitted. 8 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2008; s*ee also Jones v. Metzger Dairies, Inc*., 334 F.2d 919, 925 (1964) (stating that the process of discovery "must be kept within workable bounds on a proper and logical basis for determination of the relevance of that which is sought to be discovered"), *cert. denied,* 379 U.S. 965 (1965). The court is also empowered to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26 (b)(2).

### B.   *Plaintiff's Challenged Requests Are Not Within the Scope of Permissible Discovery*

3.   The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *See Ellison v. Patterson-UTI Drilling Co., LLC*, CIV.A. V-08-67, 2009 WL 3247193, *2 (S.D. Tex. Sept. 23, 2009). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *See id.; see also* Fed.R.Civ.P. 26(b)(2) (Courts must limit discovery if 1) the

discovery sought is shown to be unreasonably cumulative or duplicative, or is more easily obtainable from another, more convenient source; 2) the party seeking discovery has had ample opportunity to obtain the information sought; or 3) the burden or expense of the discovery outweighs its likely benefit.).

4.      Plaintiff's Motion fails to adequately meet his burden or otherwise set forth the basis for overruling all of Xerox's objections.  In fact, Plaintiff's Motion is difficult to follow and riddled with unfounded speculation that Xerox is hiding documents simply because it has raised legitimate objections to Plaintiff's discovery requests.  Notwithstanding these objections, Xerox has produced 314 pages of documents related to the BAMC commission adjustment upon which Plaintiff's lawsuit is based.  Additionally, in further good faith, and although not relevant to Plaintiff's single party claim of allegedly unpaid commissions, Xerox has produced an additional 372 pages, which includes Xerox's entire Sales Compensation Manual, which Plaintiff requested.  *See* Ex. 1, August 14, 2012, Xerox Ltr. (Enclosing Sales Comp Manual).

5.      In the interests of saving the Court's time and streamlining the discussion of the parties' disputes, Xerox has set forth its responses to each of Plaintiff's discovery requests in the attached chart.  *See* Ex. 2, Discovery Chart.[1]

### III.    CONCLUSION & PRAYER

6.      Plaintiff provides no authority for his proposition that Xerox should remove all of its objections or that he is otherwise entitled to engage in a fishing expedition to uncover something upon which to rest the otherwise unsupported allegations in his complaint.  Xerox's production of over seven hundred pages of documents, subject to good faith and tailored

---

[1] In a further effort to streamline the pending issues before the Court, Xerox has continued to confer with Plaintiff's counsel regarding several discovery requests.  Although Plaintiff has not had sufficient opportunity to respond to Xerox regarding such proposals, Xerox has included its proposals throughout the attached chart.  *See* Ex. 2; Ex. 3, August 14, 2012, Xerox Ltr. (Discovery Proposal).

objections, was reasonable and legitimate.  For the foregoing reasons, Xerox respectfully prays that the Court enter an Order denying Plaintiff's Motion to Compel Discovery Responses and sustain its objections to Plaintiff's Interrogatories and Requests for Production.  In addition, Defendant prays for all other relief to which it may be justly entitled.

Respectfully submitted,

/s/ Monica J. Lerma
Shannon B. Schmoyer
State Bar No. 17780250
Christine E. Reinhard
State Bar No. 24013389
Monica J. Lerma
State Bar No. 24027792
SCHMOYER REINHARD LLP
3619 Paesanos Parkway
Suite 202
San Antonio, Texas 78231
Phone:  (210) 447-8033
Fax:  (210) 447-8036

**ATTORNEYS FOR DEFENDANT
XEROX CORPORATION**

## CERTIFICATE OF SERVICE

On August 14, 2012, a true and correct copy of this document was filed electronically.  Notice of the filing was served by operation of the Court's electronic filing system (ECF) on the following counsel of record:

Bill Malone, Jr.
Law Offices of Bill Malone, Jr.
8650 Spicewood Springs #145-598
Austin, TX 78759
(512) 346-9660
(512) 681-9600 – Facsimile

/s/ Monica J. Lerma
Monica J. Lerma